**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Perry Brian Oshiro,<br>Plaintiff,<br>vs.<br>Dennis Fajordo, *et al.*,<br>Defendants. | Case No. 2:23-cv-01867-JAD-MDC<br>**ORDER DENYING AND STRIKING MOTIONS (ECF NOS. 55, 56)** |

This case is closed. The Court entered judgment and dismissed this case. *ECF No. 53*. The plaintiff has since filed a *Motion to Appoint Counsel* (ECF No. 55) and *Motion for Transcripts at State Expense* (ECF No. 56) (collectively "Motions") in this closed case. In his motions, plaintiff also provides no authority indicating that this case should be reopened. *See ECF Nos. 55*, *56*. His motions are thus improper and are rogue filings. Therefore, the Court cannot act on the motions and strikes them from the record. *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation").

ACCORDINGLY,

**IT IS ORDERED** that:

Plaintiff's *Motion to Appoint Counsel* (ECF No. 55) and *Motion for Transcripts at State Expense* (ECF No. 56) are **DENIED AND STRICKEN** from the docket in this case.

DATED: August 26, 2026

IT IS SO ORDERED.



Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.